# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID LEE UNDERWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00942-P |
| | § | |
| ANDREW M. SAUL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is an action seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff David Lee Underwood's application for Disability Insurance Benefits under Title II of the Social Security Act. This action was referred to the United States Magistrate Judge Hal R. Ray Jr., for submission to this Court of findings, conclusions and recommendations (FCRs) pursuant to 28 U.S.C. § 636(b)(1)(B). On December 9, 2019, Judge Ray submitted findings and conclusions and recommended that the Court affirm the Commissioner's decision. ECF No. 18. Underwood timely filed objections to the FCRs. *See* ECF No. 19. No response was filed to Underwood's objections. This matter is now ripe for the Court's consideration.

The Court has reviewed de novo the Magistrate Judge's FCRs to which Plaintiff has properly objected and finds that the objections lack merit. For the reasons set forth below, the Court **ADOPTS** and incorporates herein Magistrate Judge Ray's FCRs. The Court

**OVERRULES** Plaintiff's objections, **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action.

## BACKGROUND

Underwood filed for Disability Insurance Benefits (DIB) and supplemental security income (SSI) on September 29, 2015, alleging that his disability began on September 15, 2014. Social Security Admin. R., ECF No. 11-1 at 15. The Commissioner initially denied Underwood's claims on January 6, 2016, and the Commissioner then denied them again on reconsideration on May 11, 2016. *Id.* Underwood requested a hearing, which was held in Dallas, Texas on May 17, 2017, with a supplemental hearing held on October 2, 2017. *Id.* Underwood also amended his alleged onset date from September 15, 2014, to April 17, 2015. *Id.* The ALJ issued a partially favorable decision on December 7, 2017. *Id.* at 27. The ALJ found that based on the application for DIB, Underwood was not disabled through December 31, 2015, and that based on the application for SSI, Underwood was disabled beginning on March 8, 2017. *Id.*

The ALJ employed the statutory five-step analysis and established during *step one* that Underwood had not engaged in substantial gainful activity since April 17, 2015, the amended alleged disability onset date. *Id.* at 18. At *step two*, the ALJ determined that since April 17, 2015, Underwood had the severe impairments of ulcerative colitis, irritable bowel syndrome, cirrhosis of the liver, lumbar degenerative disc disease, and alcohol abuse. *Id.* At *step three*, the ALJ found that Underwood's impairments since the amended alleged onset date did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 19. In particular, the ALJ concluded that

Underwood retained the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except he could lift and carry only 20 pounds occasionally and 10 pounds frequently. *Id.* at 20, 23. At *step four*, the ALJ found that from April 17, 2015 through March 7, 2017, Underwood was able to perform his past relevant work as a guitar salesperson and repairman. *Id.* at 24. The ALJ found that since March 8, 2017, Underwood was unable to perform any of his past relevant work and was therefore disabled. *Id.* at 24–25.

The Appeals Council denied review on October 9, 2018. *Id.* at 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## LEGAL STANDARD

The Court's review in this case is limited to determining whether the factual findings of the Commissioner—as set forth in the decision of his designee, the Administrative Law Judge (ALJ)—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197

(1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

## ANALYSIS

**A.      First Objection**

Underwood states in his Objections that "no one is asking the Court to reweigh the evidence. The question is whether the ALJ properly considered the opinions of Drs. Troutman and Krishnamurthy." *See* Objections at 3. While not explicitly stated by Underwood, the Court believes that Underwood objects to the level of consideration the

ALJ gave to the expert medical opinions of Dr. Troutman and Dr. Krishnamurthy. *See* Objections at 3.

An ALJ may reject a claimant's alleged onset date of disability "only if reasons are articulated and the reasons given are supported by substantial evidence." *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations omitted). The ALJ does not need to specifically cite each piece of medical evidence that he considered. *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005). Inconsistencies in the claimant's subjective complaints and the objective medical evidence can support an ALJ's decision to reject or give little weight to the claimant's testimony. *See Rollins v. Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012); *Martin v. Colvin*, No. 3:12-cv-5237-B, 2014 WL 4414768, at *5 (N.D. Tex. Sept. 5, 2014).

Evaluating the consideration that the ALJ gave to the opinions of Drs. Troutman and Krishnamurthy would be reweighing the evidence, and the Court is not empowered to reweigh the evidence presented to the ALJ. *See* Hays, 907 F.2d at 1456 Because substantial evidence in the record supports the ALJ's determination of an onset date of March 8, 2017, the Court cannot find that "no credible evidentiary choices or medical findings support the decision." *See Boyd*, 239 F.3d at 704. Therefore, the Court **OVERRULES** Underwood's first objection.

## B.     Second Objection

While not explicitly stated by Underwood in his objections, the Court believes that Underwood next objects to Judge Ray's Conclusion that the ALJ properly considered the opinion of Dr. Troutman, Underwood's treating physician. In fact, Underwood insists in his objections that "[t]he ALJ must explain how, in considering these factors, he found that the opinion of the treating physician was not supported." Objections at 4.

An ALJ should give a treating physician's opinion "great weight" in determining disability, but if good cause is shown, the ALJ may give the opinion little or no weight. *Rollins*, 464 F. App'x at 355. Before an ALJ determines that a treating physician's opinion is not entitled to "controlling weight," he must consider six factors:

> (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole, and (6) the specialization of the treating physician.

*Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Even if the ALJ does not explicitly address each factor, any error would be harmless so long as the record contains all of the information required for the factors that the ALJ did not address. *See Rollins*, 464 F. App'x at 358. "The ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it . . ." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005).

Underwood argues that the ALJ failed to explain the *Newton* factors or refer to competing medical evidence that "would excuse the ALJ from conducting the detailed analysis that Section 404.1527(c) requires." ECF No. 14 at 11. However, the ALJ's opinion

addressed the fourth and fifth factors, and the record evidence contains all the information required for the other factors. *See* Social Security Admin. R., 20–21, 1026. Dr. Troutman's Medical Source Statement states the length of time that he has treated Underwood (since December 8, 2015), his specialization (gastroenterology), and some details about the nature and extent of the treatment relationship and frequency with which he examined Underwood. *Id.* at 1026. The medical progress notes further detail the frequency of examination. *See, e.g.*, *id.* at 732–34, 737–42, 744–49, 1081–86. While the ALJ did not explicitly address each factor, the record contains all the necessary information, and therefore no explanation is required. As a result, the Court **OVERULES** Underwood's second objection.

## CONCLUSION

Following the Court's de novo review of the FCRs, record, and objections, the Court finds that the FCRs are correct. Accordingly, Underwood's Objections are hereby **OVERRULED.** Judge Ray's recommendations are hereby **ADOPTED**, the Social Security Commissioner's final decision is **AFFIRMED**, and this action is **DISMISSED.**

**SO ORDERED** on this **17th day** of **January, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE